**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 22, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

))))))))))))))))))))))))))))

No. 05-10094

))))))))))))))))))))))))))))

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DUC NGUYEN,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas
Criminal No. 4:04-CR-100-A(3)

---

Before JONES, Chief Judge, and WIENER and PRADO, Circuit Judges.

PER CURIAM:[*]

Duc Nguyen pled guilty to a drug offense pursuant to a plea agreement, but reserved the right to appeal the district court's denial of his motions to suppress seized evidence and oral statements. Nguyen claims that the district court erred by denying his motions to suppress. Nguyen also contends that his sentence violates the Sixth Amendment because it was based in part on facts that were not admitted by him or found beyond a

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

reasonable doubt by a jury.  For the reasons that follow, we AFFIRM the district court's ruling on Nguyen's motions to suppress, VACATE his sentence and REMAND for resentencing.

I. Background

In September 2003, Drug Enforcement Administration ("DEA") investigators received information that a man named "Jeff" was distributing large quantities of methamphetamine, cocaine, and marijuana.  "Jeff" was subsequently identified as Jeff Sibley. On March 11, 2004, investigators began watching Sibley's apartment.  During the surveillance, DEA task force officers saw Nguyen visit Sibley's apartment and leave about two hours later. Less than one hour after Nguyen left, investigators executed a search warrant at Sibley's apartment.  Sibley and Patrick Jason Wright were inside the apartment at the time of the search.

During that search, investigators found 771.5 grams of methamphetamine (490.4 grams of "actual methamphetamine")[1] on a counter top in Sibley's apartment, in plain view.  After receiving *Miranda* warnings, Sibley told investigators that he had bought about one and a half pounds of methamphetamine for $16,000 from Nguyen, who Sibley later identified.[2]  Sibley stated that he

---

[1] Presumably, 771.5 grams was the weight of the mixture containing methamphetamine, and 490.4 grams was the weight of the pure form of methamphetamine.

[2] There is some ambiguity in the record as to how Sibley identified Nguyen.  The search warrant says Sibley identified Nguyen in a lineup of Asian males, but the briefing states that Sibley identified Nguyen in a photo spread.

bought two to three pounds of "Ice" (a pure form of methamphetamine) from Nguyen every week for about $11,000 per pound.

On March 12, investigators identified Nguyen's residence through his license plate number. DEA task force officer Kevin K. Brown applied for, and was issued, a state search warrant for Nguyen's house, located at 1111 Edenbrook Drive, Arlington, Tarrant County, Texas. During the execution of the search warrant investigators found a small amount of cocaine in a bathroom drawer, two shotguns, one rifle, three handguns, and Nguyen's Texas concealed handgun license. Nguyen was present during the search, and investigators found $1,254 cash in his pocket. After receiving *Miranda* warnings, Nguyen told the officers that he had $20,000 in a safe in the closet of his master bedroom. He initially claimed the money was from the sale of a business, but later admitted that $16,000 of the money was from the sale of methamphetamine to Sibley the day before.

II. Procedural History

Nguyen and co-defendants Sibley and Wright were charged in a four-count indictment. Nguyen was charged in two counts of the indictment. He pled guilty, pursuant to a written plea agreement, to possession with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of

methamphetamine.[3]  Nguyen expressly reserved the right to appeal the district court's denial of his motions to suppress seized evidence and oral statements.  The district court sentenced Nguyen to 230 months of imprisonment and five years of supervised release.  Nguyen then timely appealed.

III. Discussion

Nguyen argues that the district court erred in denying his motion to suppress evidence seized from his house and motion to suppress oral statements made to law enforcement officers, as a result of the search of his home.  He contends that there was no probable cause supporting the warrant to search his house and that the good-faith exception does not apply; thus, Nguyen claims the evidence should be suppressed under the exclusionary rule.[4] As the argument goes, although there may have been probable cause to believe he was involved in illegal drug activities, there was no nexus between the location searched and the evidence sought.

In reviewing a district court's denial of a motion to suppress, we review factual findings for clear error and

---

[3] Count One, which charged Nguyen, Sibley, and Wright with conspiracy to possess a controlled substance with intent to distribute, was dismissed as to Nguyen at sentencing on the government's motion, under the provisions of the plea agreement.

[4] The exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." *United States v. Leon*, 468 U.S. 897, 906 (1984).  When appropriately invoked, the exclusionary rule allows the suppression of the fruits of a search that is in violation of the Fourth Amendment.  *Id.* at 905.

4

conclusions as to the constitutionality of law enforcement action *de novo*. *United States v. Kelley*, 140 F.3d 596, 601 (5th Cir. 1998). When a search warrant is involved, we follow a two-step process. *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999). First, we ask whether the good-faith exception to the exclusionary rule applies. *Id.* "The good-faith exception provides that where probable cause for a search warrant is founded on incorrect information, but the officer's reliance upon the information's truth was objectively reasonable, the evidence obtained from the search will not be excluded." *United States v. Cavazos*, 288 F.3d 706, 709 (5th Cir. 2002). If the good faith exception applies, we end our analysis and affirm the district court's denial of the motion to suppress. *Cherna*, 184 F.3d at 407 ("If the good-faith exception applies, we need not reach the question of probable cause."). If the good faith exception does not apply, we proceed to the second step, and ask whether the magistrate issuing the warrant had a substantial basis for concluding that probable cause existed. *Id.*

Nguyen argues that the good-faith exception to the exclusionary rule does not apply because the warrant was based on an affidavit so lacking in indicia of probable cause that belief in the existence of probable cause was entirely unreasonable. *See id.* at 407-08. In considering whether the affidavit had sufficient indicia of probable cause to search Nguyen's house, we

5

must determine if the affidavit "establish[ed] a nexus between the house to be searched and the evidence sought." *United States v. Broussard*, 80 F.3d 1025, 1034 (5th Cir. 1996). The nexus may be established "by direct observation or through normal inferences as to where the articles sought would be located." *Id.*

Nguyen's claim is unavailing. The affidavit in this case contains specific assertions by Officer Brown that: (1) surveillance established that Nguyen had been in Sibley's apartment on March 11, 2004, the day that a large amount of methamphetamine was found there, (2) Sibley said that Nguyen sold him two to three pounds of methamphetamine a week for four months at $11,000 per pound, (3) Sibley identified Nguyen as the man who sold him the drugs for $16,000, (4) Nguyen was involved in distributing large amounts of methamphetamine in exchange for large amounts of cash, and (5) Nguyen's car was observed at his residence on March 12, 2004, and Nguyen was the owner of the residence. In addition, the warrant included statements that drug dealers often keep contraband in their residences.

The warrant sought "To Search For and Seize Evidence Items associated with the Distribution of Methamphetamine" at Nguyen's home. Officer Brown's affidavit established a nexus between the residence and the illegal activity through normal inferences as to where the articles sought would be located. *United States v.*

6

*Pace*, 955 F.2d 270, 277 (5th Cir. 1992) ("The affidavit must connect . . . the residence to be searched with the illegal activity, but this nexus may be established through normal inferences as to where the articles sought would be located.")(internal citation and quotations omitted); *see United States v. Freeman*, 685 F.2d 942, 949 (5th Cir. 1982) (explaining that continuing illegal activity strengthens the inference that the articles sought will be located in a participant's house); *United States v. Maestas*, 546 F.2d 1177, 1180 (5th Cr. 1977) ("[E]vidence that a defendant has stolen material which one normally would expect him to hide at his residence will support a search of his residence.").

The good faith exception applies, and the district court did not err in denying Nguyen's motion to suppress items seized from his residence. We need not reach the second step of the analysis.

Nguyen also argues that his sentence violated the Sixth Amendment, under *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). He contends the district court committed *Booker* error when it enhanced his sentence based upon factual determinations he did not admit and that were not found beyond a reasonable doubt by a jury. Specifically, Nguyen points out he was sentenced on the basis of

possession of: (1) "methamphetamine actual,"[5] rather than methamphetamine,[6] (2)thirty-two pounds of methamphetamine, and (3) a firearm, in furtherance of his drug distribution activities. The government concedes that, in light of *Booker*, the district court erred in sentencing Nguyen under a mandatory guidelines system, without having jury findings beyond a reasonable doubt on the challenged sentencing factors.

Nguyen adequately preserved *Booker* error by his *Blakely* objections raised in the district court. *See United States v. Akpan*, 407 F.3d 360, 376 (5th Cir. 2005). When a defendant preserves error "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless." *Id.* The government argues that the *Booker* error was harmless because the district court stated:

> Well, I think had it not been for this defendant's cooperation I would be inclined to sentence [him] at the top of the guideline range. I am going to take into account his cooperation in determining where to sentence, and I'm going to sentence him actually a little below the middle of the guideline range.

These statements do not prove beyond a reasonable doubt that the district court would have imposed the same sentence had it acted

---

[5] "methamphetamine actual" and "actual methamphetamine" are used interchangeably in the briefs.

[6] In the factual resume, Nguyen admitted that he had possessed, with intent to distribute, "663.5 grams of a mixture and substance containing a detectable amount of methamphetamine." He did not admit to any particular quantity of "methamphetamine actual."

under an advisory guidelines regime.  *See Akpan*, 407 F.3d at 377. The government has not met its burden to show the error was harmless.

IV. <u>Conclusion</u>

For the reasons above, we AFFIRM the district court's ruling on Nguyen's motions to suppress and VACATE and REMAND for resentencing.

AFFIRMED; VACATED AND REMANDED for resentencing.