# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-51268
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEVALGIA GILDON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-141-ALL

Before GARZA, CLEMENT and OWEN, Circuit Judges.

PER CURIAM:[*]

Levalgia Gildon pleaded guilty to one count of possession with intent to distribute five grams or more of cocaine base and one count of possession of a firearm in furtherance of a drug trafficking crime. On appeal, he argues that the district court erred by denying his motion to suppress evidence seized during a search of his residence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In reviewing the denial of a motion to suppress, this court reviews factual findings for clear error and legal conclusions de novo. *United States v. Phillips*, 382 F.3d 489, 494 (5th Cir. 2004). The district court found that the good-faith exception applied and denied Gildon's motion to suppress. The good-faith exception provides that "evidence obtained by officers in objectively reasonable good-faith reliance upon a search warrant is admissible, even though the affidavit on which the warrant was based was insufficient to establish probable cause." *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992).

Gildon argues that the good-faith exception does not apply because the warrant was based on an affidavit that was "so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable." *United States v. Cherna,* 184 F.3d 403, 407-08 (5th Cir. 1999). Specifically, he contends that the affidavit lacks sufficient indicia of probable cause because the allegations in the affidavit are stale and the allegations do not establish a nexus between the alleged criminal activity and his residence.

The allegations in the affidavit are not stale because they show an ongoing pattern of criminal activity between Gildon and a confidential informant. *See United States v. Pena-Rodriguez*, 110 F.3d 1120, 1130 (5th Cir. 1997) (holding that information reaching back over long periods may be used to support an affidavit "if the information of the affidavit clearly shows a long-standing, ongoing pattern of criminal activity"). In addition, the allegations in the affidavit establish a nexus between the alleged criminal activity and Gildon's residence. The affidavit provides that Gildon sold cocaine base on three separate occasions to a confidential informant; that the vehicles used in the three drug transactions were parked in front of his residence; and that the affiant believed that persons involved in drug trafficking kept controlled substances, records of drug transactions, large amounts of currency, financial instruments, and other items of value at their residences. The affidavit therefore establishes a nexus between the residence and illegal activity "through normal inferences as to

where the articles sought would be located." *United States v. Nguyen*, 172 F. App'x 558, 561 (5th Cir. 2006); *see also United States v. Pace*, 955 F.2d 270, 277 (5th Cir. 1992).  Accordingly, the district court did not err in concluding that the officers could rely in good faith on the warrant because the warrant did not lack sufficient indicia of probable cause.

AFFIRMED.